UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JONATHAN GRAMM, | CIVIL ACTION NO. |
| Plaintiff, | JUDGE: |
| v. | MAGISTRATE JUDGE: |
| DESOTO PARISH FIRE DISTRICT 9, and | JURY TRIAL DEMANDED |
| KRISTOPHER KING, individually and in his official capacity as Fire Chief for DeSoto Parish Fire District 9, | |
| Defendants. | |

## **COMPLAINT**

Plaintiff Jonathan Gramm files this Complaint against Defendants, DeSoto Parish Fire District 9, and Kristopher King, individually and in his capacity as the Fire Chief for DeSoto Parish Fire District 9, seeking relief for the hostility and retaliation he was subjected to and the deprivation of his rights under the United States Constitution and La. Stat. Ann. § 23:822.

## **THE PARTIES**

1. Plaintiff JONATHAN GRAMM ("Gramm") is an adult individual who resides in Stonewall, Louisiana. Gramm is a "citizen of the United States" as defined by 42 U.S.C. § 1983. Gramm is a member of the International Association of Fire Fighters ("IAFF") and served as the Secretary-Treasurer for IAFF Local 5138 ("Local 5138" or "Union"), a labor union affiliated with the IAFF, which represents fire fighters who work for DeSoto Parish's Fire District 9 ("Fire District 9").

1

2. Defendant DESOTO PARISH FIRE DISTRICT 9 is a political subdivision of the state, organized under Louisiana law, with the authority to sue and be sued, and governed by five Board Commissioners who are appointed by the DeSoto Parish Police Jury. *See* La. Stat. Ann. § 40:1502.16. At all times relevant, Defendant Fire District 9 is a "person" within the meaning of 42 U.S.C. § 1983.

3. Defendant FIRE CHIEF KRISTOPHER KING is the Fire Chief of Fire District 9. As Fire Chief, Defendant King is the highest-ranking fire fighter in Fire District 9, and he is responsible for the management of Fire District 9's day-to-day operations and has final policymaking authority for Fire District 9. Thus, he is responsible for formulating, administering, and enforcing policies on behalf of the Fire District as well as final policymaking authority in matters involving employee relations.

4. At all times relevant, Defendant King acted under color of state law and is a "person" within the meaning of 42 U.S.C. § 1983, subject to liability for violations of the First and Fourteenth Amendments to the United States Constitution.

## JURISDICTION AND VENUE

5. This is a civil action brought under 42 U.S.C. § 1983 for declaratory and injunctive relief, back pay, damages, and attorneys' fees and costs to redress Defendants' unlawful deprivation of Plaintiff's rights and privileges secured by the First and Fourteenth Amendments of the U.S. Constitution, and under Louisiana State law for declaratory and injunctive relief.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 because Plaintiff's claims arise under 42 U.S.C. § 1983 and Plaintiff seeks redress for violations of federal laws. This Court has authority to award the requested monetary damages pursuant to 28 U.S.C. § 1343, to award the requested costs and attorneys' fees under 42 U.S.C. §

1988, and to issue a declaratory judgment and other just and appropriate relief pursuant to 28 U.S.C. §§ 2201-02 for violations of federal law. The Court has jurisdiction to issue a declaratory judgment and other just and appropriate relief pursuant to Louisiana State law. All state-law claims are attached to the federal causes of action via supplemental or pendent jurisdiction because such claims are so closely related to Plaintiff's federal claims that they form part of the same case or controversy.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as the events giving rise to Plaintiff's claims occurred within this District and Defendants are located in DeSoto Parish, Louisiana, within the Western District.

## FACTUAL BACKGROUND

### A. Fire District 9 and Its Organizational Hierarchy

8. Fire District 9 is one of six Fire Protection Districts in DeSoto Parish, Louisiana, serving about 165 square mile area located in the northeastern corner of DeSoto Parish.

9. The District is administered by a municipal Board of Commissioners and the Fire Chief.

10. The Board of Commissioners develops and approves the annual budget and establishing the tax rate for the district. The Board of Commissioners is also responsible for the hiring the Fire Chief.

11. The Fire Chief is responsible for managing the day-to-day operations for the district, which includes deciding to hire and fire personnel, suspensions, creating and enforcing workplace rules for employees, and anything else which might impact the terms and conditions of a fire fighter's employment, as well as fire protection and public safety operations.

12. All other officers, fire fighters, and personnel report directly to the Fire Chief. No other employees may challenge any decision made by the Fire Chief or the Board of Commissioners.

13. In practice, the organizational structure protects the Fire Chief and Board of Commissioners, even when their actions violate the law.

14. At all relevant times, the District assigned Kristopher King ("King") to have final policymaking authority and enforcement of nearly all rules and regulations effecting terms and conditions of employment as well as their use for disciplinary matters and the District's fire protection and public safety operations.

**B.** **Gramm's Advocacy for Fire Fighters' Safety, Resources, and Benefits as a Union Officer while Working for Fire District 9**

15. Gramm began working for Fire District 9 in September 2014 as a full-time fire fighter with the rank of Captain.

16. Throughout his employment, Gramm performed the essential duties of his job, and he performed them well.

17. In July 2017, Gramm helped organize IAFF Local 5138. He was subsequently elected Secretary-Treasurer of Local 5138 that month. During Gramm's time as Secretary-Treasurer, from July 2017 through November 2023, he advocated on various matters of public concern which were affecting the District's fire fighters, including:

    a. The need for better fire fighting equipment which complied with National Fire Protection Association ("NFPA") standards;

    b. Wasteful spending by Fire District 9 on a new vehicle for the Fire Chief while Fire District 9 fire fighters suffered degrading and a lack of adequate equipment and decaying and unsafe fire station living conditions; and

    c. Failure of Fire District 9 to spend the budget it was allocated to help fire fighters in DeSoto Parish, Louisiana safely perform their jobs or improve fire station living

conditions.

**C.    Gramm's Petitioning to Commissioners as a Private Citizen**

18.    On September 18, 2023, Gramm, along with other fire fighters employed by the District, learned that the upcoming Board of Commissioners meeting agenda included an item to approve public funds to be spent on a new vehicle for the Fire Chief.

19.    Local 5138 membership met to formulate a response to the Board of Commissioners to voice the fire fighters' concern for public funds being spent on a new vehicle for the Fire Chief rather than being spent to improve the poor working conditions and equipment at Fire District 9. The fire fighters decided that Gramm, as their Union representative, would contact members of the Board of Commissioners to petition the use of the District's resources appropriately towards the much-needed improvements for the fire fighters' equipment and fire stations rather than use these funds to buy a new vehicle for Fire Chief King.

20.    On September 18, 2023, Gramm—while off duty—telephoned Commissioners Ross Tilbury and Bobby Ettredge to petition them, as his government officials, to redress his and other the District's fire fighters' concerns about the District and the expenditure of public funds. Gramm explained that he and the other fire fighters believed it is inappropriate for the Board to spend public money on a new vehicle for the Fire Chief while the District's stations and equipment were in serious need of improvement. Gramm also explained that the Local 5138 membership believed that the money would be better spent improving Fire District 9's stations and fire fighting equipment, as that would better ensure their safety, as well as that of the DeSoto Parish community. Gramm asked for their equipment and fire station issues be heard at the upcoming Fire District 9 Board of Commissioners meeting. The Commissioners that Gramm spoke to were receptive to his concerns, and he asked by Commissioner Ettredge to bring further concerns and issues to him.

21. Upon arriving at work the next day, Fire Chief King called Gramm into his office and handed him a notice of formal investigation for an "incident involving him on or around September 18, 2023." This incident was clearly the protected constitutional activity Gramm engaged in the day before with the Commissioners while off-duty in his capacities as a union officer and private citizen. After this meeting, Gramm was sent home and placed on administrative leave.

22. While on administrative leave, Gramm was subject to an investigation personally spearheaded by Fire Chief King that lacked due process.

23. On November 27, 2023, Defendants terminated Gramm's employment. Gramm was provided with an official notice of disciplinary action that stated Gramm "acted in an unbecoming, discourteous, deliberate, and unprovoked manner" when he "bypassed [his] supervisory, defamed the Fire Chief Kristopher King and made false statements and accusations of [sic] the misuse of department funds and a lack of appropriated equipment, to a member of the DeSoto Parish Fire District 9 Board of Commissioners outside of a Board of Commissioner's open meeting. Your conduct was prejudicial to good order and demonstrated a lack of good moral character towards a fellow employee of DeSoto Parish Fire District 9." A copy of this termination notice is attached as Exhibit 1.

24. According to the termination notice, Gramm was discharged under particular official policies of the District. *See* Exhibit 1.

25. Through this notice of disciplinary action, Defendants explicitly acknowledge that Gramm was terminated for petitioning his government officials to redress grievances in his capacity as a union officer while off-duty and for speaking to them as a private citizen about matters of public concern.

26. As a result of his termination, Gramm has suffered lost wages and benefits, mental and emotional harm, damage to his personal and professional reputations, and other injuries.

27. Prior to commencing this lawsuit, Plaintiff has made multiple attempts to contact Defendants to resolve this dispute short of litigation. To date, Defendants have failed or otherwise refused to make Gramm whole for the unlawful discharge. There is little prospect that, lacking judicial compulsion, Defendants will abide by their obligations under the U.S. Constitution or redress the harm to Gramm caused by the unlawful discharge.

28. Plaintiff seeks a jury trial.

## COUNT I

**42 U.S.C. § 1983 – Violation of Plaintiff's Rights to Free Speech**
**Pursuant to the First and Fourteenth Amendments to the United States Constitution**
**(Gramm v. all Defendants)**

29. Gramm incorporates by reference the allegations in Paragraphs 1 through 28 as if fully set forth herein.

30. The right of Gramm to speak freely about matters of public concern is protected by the First Amendment and Fourteenth Amendments to the United States Constitution. The public has a vital interest in free and open discussion on issues of public importance.

31. It violates the First Amendment and Fourteenth Amendment of the United States Constitution for public employers, including Defendants, to discriminate against, discipline, or discharge its employees in retaliation for engaging as a private citizen in speech about matters of public concern.

32. Gramm, as a private citizen and in his capacity as a local union officer, raised concerns to the members of the Board of Commissioners about wasting public funds on non-essential vehicles for the Fire Chief; Fire District 9 failing to use available public funds to replace

old and worn-out equipment and gear, upgrade essential fire suppression vehicles and improve decrepit and decaying living quarters for the fire fighters of the District; and petitioned the Board members to address the much needed improvements to the District's equipment and stations at the next Board meeting. These issues that Gramm raised to the Board of Commissioners are matters of public concern, and Gramm's right to speak out about such issues are protected by the First Amendment and Fourteenth Amendments to the U.S. Constitution.

33. Defendants, acting individually and/or jointly, terminated Gramm's employment for speaking about such matters of public concern with members of the Board of Commissioners. In so doing, Defendants discriminated against, disciplined, and discharged Gramm in retaliation for engaging in activity protected by the First and Fourteenth Amendments' guarantee of the right of speech.

34. The discharge of Gramm was issued on behalf of the District by King, who is a final policymaker. Moreover, and as expressly stated in the termination notice, Gramm was terminated pursuant to express and/or official policies of the District. Such conduct taken against Gramm was done collectively by the District and King in a knowing, willful, wanton, reckless, and bad faith manner, which violates clearly established constitutional provisions and rights which a reasonable person would have known.

35. As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, Gramm has suffered, and continues to suffer, economic injury, mental and emotional distress, humiliation, anxiety, embarrassment, and discomfort, and other injuries and irreparable harm.

36. Under 42 U.S.C. § 1983, "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction

thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." Thus, Defendants are fully liable to Plaintiff for his injuries resulting from Defendants retaliating against and terminating him in violation of the First and Fourteenth Amendments.

37. Defendants are also liable for Gramm's reasonable attorneys' fees and costs under 42 U.S.C. § 1988(b).

## COUNT II

### 42 U.S.C. § 1983 – Violation of Plaintiff's Right to Freedom of Association
### Pursuant to the First and Fourteenth Amendments to the United States Constitution
### (Gramm v. all Defendants)

38. Gramm incorporates by reference the allegations in Paragraphs 1 through 28 as if fully set forth herein.

39. The right of Gramm to freely associate with other Fire District 9 employees and/or a labor association that represents District employees is protected by the First Amendment and Fourteenth Amendment of the United States Constitution. The public has a vital interest in such free association.

40. It violates the First Amendment and Fourteenth Amendment of the United States Constitution for public employers, including Defendants, to discriminate against, discipline, or discharge its employees for exercising such rights to free association. The rights to free association include, but are not limited to, the right to advocate for District employees in your role as a union officer.

41. At all relevant times, Gramm was a member and Secretary-Treasurer of IAFF Local 5138, a labor organization comprised of fire fighters employed by the District. Gramm regularly

participated in the activities of the labor organization and acted as a spokesperson for IAFF Local 5138 and its members on matters of public interest and concern, including wasteful spending by the District, fire fighters' working conditions, improving the District's fire protection gear and equipment, and other issues concerning fire fighter safety.

42. Gramm's right to associate with IAFF Local 5138 and engage in such associational union activities is protected by the First and Fourteenth Amendments to the United States Constitution.

43. At all relevant times, Defendants were aware of Gramm's association and leadership position within IAFF Local 5138, the labor organization comprised of fire fighters employed by the District. Defendants were aware of Gramm's association with IAFF Local 5138 because Gramm regularly participated in the activities of the labor organization and acted as a spokesperson for IAFF Local 5138 and its members on matters of public interest and concern, including wasteful spending by the District, fire fighters' working conditions, improving the District's fire protection gear and equipment, and other issues concerning fire fighter safety.

44. On September 18, 2023, Gramm called members of the Board of Commissioners of Defendant Fire District 9 in his capacity as a union officer and presented the Union membership's grievances.

45. Defendants, acting individually and/or jointly, discriminated against, disciplined, and discharged Gramm because of his associational activity as a union officer on September 18, 2023, when he advocated to members of the Board of Commissioners on behalf of Local 5138 members.

46. By engaging in this conduct, Defendants retaliated against Gramm in violation of the First and Fourteenth Amendments of the United States Constitution. Defendants' conduct also

unlawfully chills the free association with IAFF Local 5138, among other organizations, and intimidates other District employees and members of the DeSoto Parish community from similarly associating with or participating in IAFF Local 5138.

47. The discharge of Gramm was issued by King, who is a final policymaker of District 9. Moreover, and as expressly stated in the termination notice, Gramm was terminated pursuant to express and/or official policies of Defendant Fire District 9

48. Such conduct by Defendants was done in a knowing, willful, wanton, reckless, and bad faith manner, which violates clearly established constitutional provisions and rights which a reasonable person would have known.

49. As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, Gramm has suffered, and continues to suffer, economic injury, mental and emotional distress, humiliation, anxiety, embarrassment, and discomfort, and other injuries and irreparable harm.

50. Under 42 U.S.C. § 1983, "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." Thus, Defendants are fully liable to Gramm for his injuries resulting from Defendants retaliating against and terminating him in violation of the First and Fourteenth Amendment.

51. Defendants are also liable for Gramm's reasonable attorneys' fees and costs under 42 U.S.C. § 1988(b).

## COUNT III

**42 U.S.C. § 1983 – Retaliation in Violation of Plaintiff's Rights to Petition Pursuant to the First and Fourteenth Amendments to the United States Constitution (Gramm v. all Defendants)**

52. Gramm incorporates by reference the allegations in Paragraphs 1 through 28 as if fully set forth herein.

53. The right of Gramm to petition his government for the redress of grievances is protected by the First Amendment and Fourteenth Amendments to the United States Constitution. The public has a vital interest in providing citizens with the opportunity to freely advocate for and seek change through their government without fear of punishment or reprisal.

54. It violates the First Amendment and Fourteenth Amendment of the United States Constitution for public employers, including Defendants, to discriminate against, discipline, or discharge its employees in retaliation for their attempts to petition government to redress grievances or otherwise seek change to the policies, practices, and procedures of Defendants which impact the safety of the DeSoto Parish community and employees of Fire District 9.

55. On September 18, 2023, Gramm called members of the Board of Commissioners overseeing Fire District 9 to petition them to redress his grievances with the District, as well as those of his coworkers and other Union members. Gramm petitioned members of the Board to vote against using public money to buy a new vehicle for the District Fire Chief, to instead use that public money to make much needed improvements to the District's stations and equipment, and to address the District's poor working conditions and substandard equipment at the next Board meeting. Gramm's September 18, 2023, petitions to members of the Board of Commissioners were made as a private citizen and concerned matters of public concern, including the use or misuse of

public funds and the District's ability to protect public safety, and therefore protected by the First and Fourteenth Amendments.

56. Defendants, acting individually and/or jointly, discriminated against, disciplined, and discharged Gramm for petitioning the government to redress grievances and seeking changes to the District's practices and working conditions which detrimentally affected the District's ability to help the DeSoto Parish community.

57. By engaging in this conduct, Defendants retaliated against Gramm in violation of the First and Fourteenth Amendments of the United States Constitution.

58. The discharge of Gramm was issued by King, who is a final policymaker of Fire District 9. Moreover, and as expressly stated in the termination notice issued to Gramm, Gramm was terminated pursuant to express and/or official policies of the District.

59. Such conduct by Defendants was done in a knowing, willful, wanton, reckless, and bad faith manner, which violates clearly established constitutional provisions and rights which a reasonable person would have known.

60. As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, Gramm has suffered, and continues to suffer, economic injury, mental and emotional distress, humiliation, anxiety, embarrassment, and discomfort, and other injuries and irreparable harm.

61. Under 42 U.S.C. § 1983, "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." Thus, Defendants are fully liable to Gramm for his injuries resulting from

Defendants retaliating against and terminating him in violation of the First and Fourteenth Amendment.

62. Defendants are also liable for Gramm's reasonable attorneys' fees and costs under 42 U.S.C. § 1988(b).

## COUNT IV

**La. Stat. Ann. § 23:822 – Retaliation in Violation of State Public Policy to Permit Persons to Form, Join, and Assist Labor Organizations**
**(Gramm v. all Defendants)**

63. Gramm incorporates by reference the allegations in Paragraphs 1 through 28 as if fully set forth herein.

64. The Louisiana Revised States provide that, *inter alia*:

[I]t is necessary that the individual workman have full freedom of association, self-organization, and designation of representatives of his own choosing, to negotiate the terms and conditions of his employment, and that he shall be free from the interference, restraint, or coercion of employers of labor, or their agents, in the designation of such representatives or in self-organization or in other concerted activities for the purpose of collective bargaining or other mutual aid or protection.

La. Stat. Ann. § 23:822. This State statutory protection extends to the employees of a Parish of the State of Louisiana as well as to a special fire district of the State of Louisiana.

65. La. Stat. Ann. § 23:822 establishes that the public policy of the State of Louisiana is that all persons shall be permitted to form, join, and assist labor organizations without fear of penalty or reprisal and free from interference, restraint, or coercion from employers and/or their agents.

66. On September 18, 2023, Gramm called members of the Board of Commissioners of Defendant Fire District 9 to assist IAFF Local 5138 in his role as a union officer.

67. Defendants, acting individually and/or jointly, discriminated against, disciplined, and discharged Gramm because of his assistance of IAFF Local 5138—in his role as a union

officer—on September 18, 2023, when he advocated to members of the Board of Commissioners on behalf of Local 5138 members.

68. Such actions of the Defendants, as alleged herein, were taken in response to, and in retaliation for, Gramm's exercise of his statutory right of freedom of association and his right to engage in activity for the mutual aid and protection in violation of the Gramm's rights safeguarded under Louisiana state law. The grounds and reasons offered by Defendants for the adverse actions against Gramm are false and pretextual.

69. Such actions of the Defendants as alleged herein were done in a knowing, willful, and reckless manner and in bad faith, and violate clearly established statutory rights of which a reasonable person in the place of the Defendants would have known.

70. Plaintiff seeks only declaratory and injunctive relief under this Count.

## REQUESTS FOR RELIEF

**WHEREFORE**, Plaintiff Gramm respectfully requests that this Honorable Court enter judgment on his behalf and enter an order directing the award of other relief, as follows:

A. Declaring that Defendants unlawfully violated Gramm's rights and privileges secured by the First and Fourteenth Amendments to the United States Constitution;

B. Declaring that Defendants unlawfully violated Gramm's rights under Louisiana state law;

C. Entering permanent injunctions restraining and preventing Defendants from interfering with and infringing upon Gramm's rights under the First and Fourteenth Amendments to the United States Constitution and Louisiana State law;

D. Ordering Defendants to rescind the retaliatory, discriminatory, and otherwise unlawful discipline issued to Gramm;

E. Ordering Defendant Fire District 9 to reinstate Gramm to his previously held position with the District, and restore him to the rank and all job duties, seniority, compensation, benefits, and rights of employment that would have been available to Gramm had his employment not been terminated;

F. Ordering a complete and accurate accounting of all the compensation and relief to which Gramm is entitled;

G. Awarding Gramm back pay, front pay, lost benefits, and other emoluments of employment and any other relief that is necessary to make him whole;

H. Awarding Gramm compensatory damages for pain, humiliation, emotional distress, damage to reputation, and other injuries;

I. Awarding Gramm punitive damages to redress the knowing, willful, wanton, reckless, and bad faith nature of Defendants' violation of Gramm's Constitutional rights;

J. Awarding Gramm attorneys' fees and costs; pursuant to 42. U.S.C. § 1988 or any applicable statute or authority;

K. Awarding Gramm any other relief to which he is entitled and/or which this Court deems necessary and proper.

A jury trial is demanded for all claims triable by jury.

Respectfully submitted,

s/ Matthew D. Watts
Matthew D. Watts (DC Bar No. 1030130)*
Daniel J. Sweat (DC Bar No. 90009038)*
MOONEY, GREEN, SAINDON,
MURPHY & WELCH, P.C.
1920 L Street, NW, STE 400
Washington, DC 20036
Phone: 202-783-0010
Fax: 202-7883-6088
Email: mwatts@mooneygreen.com;
dsweat@mooneygreen.com

*Motion for Pro Hac Vice admission forthcoming*


s/Louis L. Robein
Louis L. Robein (La. Bar No. 11307)
Paula M. Bruner (La. Bar No. 30417)
ROBEIN, URANN,
SPENCER, PICARD & CANGEMI, APLC
2540 Severn Avenue, Suite 400
Metairie, LA 70002
Phone: (504) 885-9994
Fax: (504) 885-9969
Email: lrobein@ruspclaw.com;
pbruner@ruspclaw.com

**Counsel for Plaintiff**

Date:  August 29, 2024